UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

IN RE:

SCOTT D. SCHULLER,
CYNTHIA M. SCHULLER,

Debtors.

CASE NO. 12-00359

Chapter 7

---

SCOTT D. SCHULLER,
CYNTHIA M. SCHULLER,

Plaintiffs,

v.

ADV. PROC. NO. 13-00067

OCWEN LOAN SERVICING, L.L.C.,

Defendant.

**REPORT AND RECOMMENDATION TO THE DISTRICT COURT ON PLAINTIFFS' MOTION FOR WITHDRAWAL OF THE REFERENCE**

Earl P. Underwood and James Patterson, Counsel for the Plaintiffs
Bill Bensinger, Counsel for Ocwen Loan Servicing, L.L.C.

This matter is before the Court on the Plaintiffs' motion for withdrawal of the reference under 28 U.S.C. §157(d). For the reasons listed below, this Court recommends that the District Court grant mandatory withdrawal of the reference, or in the alternative, permissive withdrawal, as to Count One, but allow the Bankruptcy Court move forward on Counts Two and Three.

## PROCEDURAL HISTORY

The Plaintiffs filed a chapter 7 proceeding on February 2, 2012. They received a discharge on May 11, 2012. The Court entered a final decree and the case was closed on May 8, 2013. The Court granted the Plaintiffs' motion to reopen the case and file this adversary

proceeding on September 11, 2013. The adversary proceeding was filed on September 17, 2013. The Plaintiffs filed the current motion for withdrawal of the reference on December 11, 2013. The Defendant did not respond to the motion for withdrawal; however, the Defendant's first affirmative defense in its answer asserts that the Plaintiffs have not stated a factual basis for the bankruptcy court's subject matter jurisdiction over the Plaintiffs' FDCPA claim.

**SUMMARY OF ALLEGATIONS IN COMPLAINT**

At the time of their bankruptcy filing, Saxon Mortgage Services serviced the mortgage on the Plaintiffs' home. In their Chapter 7 Statement of Intentions, the Plaintiffs indicated that the property subject to the mortgage would be surrendered. Approximately one month after filing, the Plaintiffs received a letter dated March 14, 2012 from the Defendant, Ocwen Loan Services, Inc., indicating that the servicing of their loan had been transferred to Ocwen. The Plaintiffs allege that Ocwen made several telephone calls to them and the Plaintiffs informed Ocwen that they had filed a bankruptcy petition. The Plaintiffs also allege that Ocwen sent letters requesting payment on April 11, 2012 and April 21, 2012. The Plaintiffs sent Ocwen a letter stating that they were represented by counsel and enclosed the keys to the property on May 1, 2012. On May 11, 2012, the Plaintiffs received their bankruptcy discharge. After discharge, Ocwen continued to contact the Plaintiffs in writing and by telephone from May 17, 2012 through September 6, 2013.

The Plaintiffs' complaint filed on September 17, 2013 contains three counts: Count One- Fair Debt Collection Practices Act violations; Count Two- Violation of the Discharge Injunction; and Count Three- Violations of the Automatic Stay. The Plaintiffs allege that Ocwen's actions harassed them, caused them mental anguish and distress, loss of time from work, and litigation

expenses. The complaint requests actual and statutory damages, costs and attorney fees, and other relief as the Court deems just and proper.

**LAW**

The basis for the Plaintiffs' motion for withdrawal of the reference is the lack of subject matter jurisdiction over their FDCPA claim.[1] Section 1334(b) of Title 28 gives the district courts original but not exclusive jurisdiction over all civil matters arising under title 11, or arising in or related to cases under Title 11. The district courts typically refer these cases to the bankruptcy court. As a result, the bankruptcy court's jurisdiction is derived completely from §1334(b) and is dependent upon the "arising under, arising in or related to" jurisdiction of this section. See *In re Wynne*, 422 B.R. 763, 770 (Bankr. M.D. Fla. 201), quoting *In re Toledo*, 170 F.3d 1340, 1344 (11th Cir. 1999). "Arising under" jurisdiction for title 11 are "'matters invoking a substantive right created by the Bankruptcy Code'", while matters that "'arise in a case under title 11' are generally thought to involve administrative -type matters, or matters that could only arise in bankruptcy.'" *Wynne,* 422 B.R. at 770, quoting *Carter v. Rodgers*, 220 F.3d 1249, 1253 (11th Cir. 2000); *In re Toledo*, 170 F.3d at 1345. The most comprehensive category for §1334(b) jurisdiction is "related to" jurisdiction, which courts have defined as matters with outcomes that would "conceivably have an effect on the estate being administered in bankruptcy." *Carter*, 220 F.3d at 1253; *Toledo*, 170 F.3d at 1345.

The Plaintiffs' FDCPA claim clearly is not a matter arising under or arising in title 11 as

---

[1]The parties do not dispute the bankruptcy court's jurisdiction over Counts Two and Three of the complaint for violation of the discharge injunction and violation of the automatic stay. It is assumed that the bankruptcy court has jurisdiction over them as claims arising under or arising in Title 11, and that they are core proceedings under 28 U.S.C. §157(b)(2)(A)-(O).

it does not involve a substantive right under the Bankruptcy Code or arise only in a bankruptcy proceeding. To determine "related to" jurisdiction, the Court must ask if the outcome of the claim could have an effect on the bankruptcy estate. As the Plaintiffs point out in their motion, bankruptcy courts have found subject matter jurisdiction lacking over FDCPA claims when the bankruptcy estate has been fully administered and the claim can have no impact on the bankruptcy estate. See *In re Shortsleeve*, 349 B.R. 297, 301 (Bankr. M.D. Ala. 2006); *In re Bauer*, 2012 WL 4442241 (Bankr. N.D. Ala. Sept. 24, 2012); *In re Wynne*, 422 B.R. 763, 772 (Bankr. M.D. Fla. 2010). Each court held that it had no subject matter jurisdiction over the FDCPA claims, even under "related to" jurisdiction. The fact situations in these three case were similar to the present case: the bankruptcy estates were fully administered and the debtors had received their discharges. The same can be said for the present case; the Plaintiffs received their discharge in May 2012, and the bankruptcy case was closed in May 2013. The FDCPA claim benefits the Plaintiffs, not the bankruptcy estate or their creditors. Therefore, the Court recommends that the District Court find that the bankruptcy court lacks subject matter jurisdiction over the FDCPA count under 28 U.S.C. §1334(b).

Since the bankruptcy court has no jurisdiction over Count One, the Plaintiffs ask the District court to withdraw the reference over the case. Section 157(d) of Title 28 provides that the district court may withdraw the reference in any case or proceeding "for cause shown", which is referred to as permissive withdrawal. Under the mandatory provision of §157(d), the district court shall withdraw the reference "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." Mandatory withdrawal "is generally

reserved for cases that require substantial and material consideration of federal statutes outside the Bankruptcy Code." *In re Wi-Sky Inflight, Inc.*, 483 B.R. 788, 792 (N.D. Ga. 2012), citing *In re Horizon Air, Inc.,* 156 B.R. 369, 373 (N.D. N.Y. 1993). The Plaintiffs maintain that mandatory withdrawal of the reference is required due to the bankruptcy court's lack of subject matter jurisdiction over the FDCPA claim, or, in the alternative, permissive withdrawal should be exercised.

The present case meets the requirements for mandatory referral with its Title 11 claims and the FDCPA claim. It is too early in the litigation to know if the case will call for serious or in depth consideration of the Fair Debt Collection Act; however, the bankruptcy court's lack of jurisdiction over the claim makes this determination unnecessary. The bankruptcy court in *In re Marshall*, 491 B.R. 217 (Bankr. S.D. Ohio 2012) allowed a debtor the opportunity to file a motion to withdraw the reference after finding that the court lacked subject matter jurisdiction over a FDCPA count in the context of a motion to dismiss the FDCPA count for lack of jurisdiction. As in the present case, *Marshall* involved an adversary proceeding with a count for violation of the discharge injunction and a FDCPA count in a fully administered bankruptcy case. *Id*. at 230. In the alternative, the bankruptcy court's lack of jurisdiction would qualify as cause for withdrawing the reference under permissive withdrawal of the reference.

The Court recommends that the District Court grant mandatory withdrawal of the reference, or in the alternative, permissive withdrawal of Count One- FDCPA of the Plaintiffs' complaint. The District Court can stay Count One while the Bankruptcy Court proceeds to trial on Count Two- Violation of the discharge injunction and Count Three- Violations of the automatic stay. The Bankruptcy Court's familiarity with the issues involved with violation of the

stay and the discharge injunction makes it the most efficient forum for these counts. This Court's ruling on these counts could result in res judicata or collateral estoppel as to some issues related to the FDCPA count; however, this effect could benefit the parties by having some issues decided and lessening the burden of proof for that count. Therefore the Court recommends that the District Court withdraw the reference as to Count One and stay the proceedings on this count while allowing the parties to proceed to final judgment on Counts Two and Three in the Bankruptcy Court. It is hereby

**ORDERED** that the Bankruptcy Clerk transmit the Plaintiffs' motion for withdrawal of the reference to the U.S. District Court for further consideration along with the Bankruptcy Court's report and recommendation.

Dated: February 5, 2014

William S. Shulman
WILLIAM S. SHULMAN
CHIEF U.S. BANKRUPTCY JUDGE