# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| SCOTT DOUGLAS SCHULLER, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | MISC. ACTION 14-0005-WS-M |
| ) | |
| OCWEN LOAN SERVICING, LLC, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter comes before the Court on plaintiffs' Motion for Withdrawal of Reference (doc. 1) and the Bankruptcy Court's Report and Recommendation to the District Court (doc. 2). The Motion is ripe and the time fixed by this Court for objections to the Report and Recommendation has expired, with no party lodging any such objections.

This case is postured as an Adversary Proceeding pending in the U.S. Bankruptcy Court for the Southern District of Alabama. Count One of the Complaint filed by plaintiffs, Scott D. Schuller and Cynthia M. Schuller, alleges that defendant, Ocwen Loan Servicing, LLC, violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), in multiple specified ways. Meanwhile, Counts Two and Three allege that Ocwen violated the discharge injunction entered by the Bankruptcy Court, as well as the automatic stay prescribed by 11 U.S.C. § 362. In their Motion for Withdrawal of Reference, the Schullers express concern that the Bankruptcy Court lacks jurisdiction over their FDCPA claims, and maintain that withdrawal of the reference is appropriate under both the mandatory withdrawal and the discretionary withdrawal provisions of 28 U.S.C. § 157(d).

In the Report and Recommendation, Bankruptcy Judge Shulman recommended as follows: (i) that this Court find the Bankruptcy Court lacks subject-matter jurisdiction over the Schullers' FDCPA claim pursuant to 28 U.S.C. § 1334(b); (ii) that this Court grant mandatory withdrawal or, alternatively, permissive withdrawal of the reference as to Count One of the Adversary Proceeding pursuant to § 157(d); and (iii) that this Court stay Count One while the

Bankruptcy Court proceeds to trial on Counts Two and Three, inasmuch as the Bankruptcy Court's familiarity with the issues renders it the most efficient forum for those counts and resolution of those claims may benefit the parties by streamlining the triable issues remaining as to Count One in this District Court.

After careful review of the file, including *de novo* review of the legal issues presented, and in the absence of objection by any party, the undersigned **adopts** the Report and Recommendation in its entirety. It is therefore **ordered** as follows:

1. The Motion for Withdrawal of Reference is **granted** with respect to Count One of the subject Adversary Proceeding, and that cause of action shall henceforth be litigated in this District Court;
2. The Motion for Withdrawal of Reference is **denied** as to Counts Two and Three of the Adversary Proceeding. The reference will remain in place as to those causes of action, which shall be litigated in and before the Bankruptcy Court;
3. The Clerk of Court is **directed** to open a separate civil case file for this action;
4. Within 14 days after the civil case file is opened in this District Court, plaintiffs must file in that civil action copies of all pleadings (including the Complaint and the Answer to Complaint) from the Adversary Proceeding in the Bankruptcy Court file, so that the District Court file will contain a full record of the claims and defenses joined herein;
5. The civil action in this District Court concerning Count One is **stayed** pending final judgment as to Counts Two and Three in the Bankruptcy Court; and
6. To keep the Court apprised of developments in the Bankruptcy Court, and to ensure that the stay in this case does not remain in place any longer than necessary, the Schullers are **ordered** to file, on or before the **fourth Wednesday of each month**, a written report reflecting the status of the bankruptcy proceedings. The first such report is due on or before **March 26, 2014**.

DONE and ORDERED this 26th day of February, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE